UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATIONAL CREDIT ADJUSTERS, LLC,

         Plaintiff,

                 Case # 15-CV-861-FPG

v.

                 DECISION AND ORDER &
                 ORDER TO SHOW CAUSE

CRED X DEBT RECOVERY, LLC, JAMES SAUER,
JEFFREY SHULTZ, RICHARD SHULTZ, and
JOHN DOES 1-10,

         Defendants.

**INTRODUCTION**

On September 24, 2015, Plaintiff filed its complaint for breach of contract and related claims against Defendants. ECF No. 1. Although the summonses and affidavits of service for Defendants[1] were returned as served in November 2015, ECF Nos. 12-15, none of the Defendants appeared in this action.

Nearly a year later, after the Court ordered Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to prosecute, ECF No. 16, Plaintiff obtained a Clerk's entry of default against Defendants on September 6, 2016. ECF Nos. 17 and 19.

The Court issued a second order to show cause for failure to prosecute on November 3, 2017. ECF No. 23. Eventually, on May 4, 2018, Plaintiff filed a single-sentence motion for default judgment based on Defendants' failure to answer or defend against the complaint. ECF No. 26. The Court found Plaintiff's motion to be insufficient and ordered Plaintiff to file a memorandum of law and any other relevant documents in support of the motion. ECF No. 27. Plaintiff filed its

---

[1] From here on, "Defendants" refers to Cred X Debt Recovery, LLC, James Sauer, Jeffrey Shultz, and Richard Shultz.

1

memorandum on September 17, 2018. ECF No. 31. The Court now addresses the motion and supporting memorandum.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "provide[s] a two-step process for obtaining a default judgment in federal district court." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 725 (W.D.N.Y. 2011). First, a plaintiff must seek a clerk's default under Rule 55(a). *Id.* Second, "[h]aving obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

When a plaintiff seeks a default judgment, the Court must determine whether the factual allegations of the complaint are sufficient to state a claim for relief. *Crazy Dog T-Shirts, Inc. v. Design Factory Tees, Inc.*, No. 15-CV-6740-FPG, 2017 WL 3166921, at *1 (W.D.N.Y. July 26, 2017). "In making that determination, the Court accepts the allegations in the complaint as true," but it "does not simply accept at face value that a defendant is liable." *Id.* Rather, the Court must carefully examine the movant's claims to "ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). A defendant's default does not automatically entitle a plaintiff to a default judgment "because there must be a sufficient basis in the pleadings for the judgment entered." *Crazy Dog*, 2017 WL 3166921, at *1 (quoting *Bianco v. Seaway Indus. Servs., Inc.*, No. 03-CV-0084, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004)).

"A default judgment entered on the well-pleaded allegations of the complaint establishes a defendant's liability. Upon establishing a defendant's liability, the only remaining question is

---

[2] Plaintiff filed an amended complaint simultaneously with the memorandum. ECF No. 30. Although the Court did not grant Plaintiff leave to file an amended complaint, the amended complaint appears to be identical to the original complaint except that it attaches the parties' agreements and a demand letter as exhibits. The Court construes these exhibits to be supporting documentation filed pursuant to its July 23, 2018 order. ECF No. 27.

2

whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp.*, 786 F. Supp. 2d at 726 (internal citations omitted). "[A] party's default . . . is not considered an admission of damages." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (per curiam) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).

Additionally, in considering a motion for default judgment, a district court considers the same three factors that apply to a motion to set aside a default judgment: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Granite Music Corp.*, 786 F. Supp. 2d at 726 (quoting *Mason Tenders Dist. Council v. M & M Contracting & Consulting*, 193 F.R.D. 112, 114-15 (S.D.N.Y. 2000)). "The Second Circuit has cautioned district courts that 'defaults are generally disfavored and are reserved for rare occasions,' and when there is doubt as to the propriety of granting judgment by default, 'the doubt should be resolved in favor of the defaulting party.'" *Crazy Dog*, 2017 WL 3166921, at *1 (quoting *Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

**DISCUSSION**

Plaintiff has not established entitlement to a default judgment as to liability or damages. Plaintiff's motion and memorandum in support are legally insufficient. The motion is a single sentence. The memorandum includes a "Legal Standards" section setting forth general rules of law pertaining to default judgments, a "Key Facts" section summarizing the main allegations of Plaintiff's complaint, and a "Prayer for Relief" section requesting injunctive relief, an accounting,

3

access to Defendants' computers, an unspecified amount of monetary damages, punitive damages, and attorneys' fees and costs. *Id.* It does not discuss Defendants' liability, the elements of the claims, the governing law, the legal sufficiency of the allegations in the complaint, the amount of damages sought, the legal basis for the various forms of relief sought, the willfulness of the default, whether Defendants have a meritorious defense, or the prejudice Plaintiff would suffer if a default were not granted.

"[P]arties are required to submit proper memoranda of law with their default motions, 'establish[ing] that on the law [they are] entitled to the relief [they] seek[], given the facts as established by the default.'" *Frank Brunkhorst Co., LLC v. Castellini*, No. 17CV2324AMDST, 2018 WL 1377302, *2 (E.D.N.Y. Mar. 19, 2018) (quoting *Finkel v. Triple A Grp. Inc*., 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010)). It is not the Court's "responsibility to make the plaintiff's arguments, especially since the plaintiff is represented by counsel." *Id.; see also Rossi v. Pocono Point, LLC*, No. 608CV750ORL28KRS, 2008 WL 11336253, at *1 (M.D. Fla. Oct. 29, 2008) (denying a one-sentence motion for default judgment and explaining that a plaintiff "must support his motion for entry of a default judgment with a legal memorandum addressing the governing law as to each cause of action, the elements of each cause of action, and the well-pleaded facts set forth in the complaint that satisfy each element of each cause of action"); *see also Bennett v. Asset Recovery Sols., LLC*, No. 14CV4433DRHSIL, 2017 WL 432892, at *5 (E.D.N.Y. Jan. 5, 2017), *report and recommendation adopted*, 2017 WL 421920 (Jan. 31, 2017) ("It is well-established that 'the moving party bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate.'" (quoting *In re Crazy Eddie Sec. Litig*., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1995))).

**CONCLUSION**

For the reasons stated, Plaintiff's motion for default judgment, ECF No. 26, as supplemented by its memorandum in support, ECF No. 31, is denied. The Court finds that Plaintiff's memorandum does not comply with the Court's July 23, 2018 order, ECF No. 27, directing Plaintiff to file a memorandum and any other relevant documents in support of the motion for default judgment.

Under Local Rule of Civil Procedure 41(b), the Court may order Plaintiff to show cause within 30 days why its case should not be dismissed if it has been pending for more than six months and is not in compliance with a Court order. *See* Loc. R. Civ. P. 41(b). Accordingly, Plaintiff must show cause in writing by January 11, 2019, why this case should not be dismissed for failure to file a memorandum and supporting documentation sufficient to comply with the Court's order. The Rule directs Plaintiff to "respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed." *Id.* Failure to comply with this Order will result in the dismissal of this action with prejudice. *See* Loc. R. Civ. P. 41(b); Fed. R. Civ. P. 41(b). This action is justified because Plaintiff has twice failed to file sufficient documents to support its application for a default judgment.

IT IS SO ORDERED.

Dated: December 12, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court