UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATIONAL CREDIT ADJUSTERS, LLC,

                        Plaintiff,

                                                                          Case # 15-CV-861-FPG

v.

                                                                          DECISION AND ORDER

CRED X DEBT RECOVERY, LLC; JAMES SAUER;
JEFFREY SHULTZ; RICHARD SHULTZ; JOHN DOE 1-10;

                        Defendants.

**INTRODUCTION**

Plaintiff brought this action for breach of contract and related claims against Defendants on September 24, 2015. ECF No. 1. Although the summonses and affidavits of service for the Defendants were returned as served in November 2015, ECF Nos. 12-15, none of the Defendants ever appeared.[1]

Nearly a year later, after the Court ordered Plaintiff to show cause why this action should not be dismissed due to its failure to prosecute it, ECF No. 16, Plaintiff obtained a clerk's default against the Defendants on September 6, 2016. ECF Nos. 17 and 19.

After another year passed, the Court issued a second order to show cause for failure to prosecute on November 3, 2017. ECF No. 23. Eventually, on May 4, 2018, Plaintiff filed a single-sentence motion for default judgment based on Defendants' failure to answer or defend against the complaint. ECF No. 26. The Court found Plaintiff's motion to be insufficient and ordered Plaintiff to file a memorandum of law and relevant documents in support of the motion. ECF No. 27.

---

[1] Fictitious defendants John Doe 1-10 were never served or identified and substituted in as parties. They are therefore terminated from this action.

On September 17, 2018, Plaintiff filed a memorandum without supporting documents, contravening the Court's prior order. ECF No. 31. Consequently, on December 12, 2018, the Court denied Plaintiff's motion for default without prejudice and ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's order to file a legally sufficient memorandum of law and supporting documentation. ECF No. 32.

After receiving two extensions of time, and still after the due date, Plaintiff filed a response to the Court's order to show cause, ECF No. 37, and a second motion for default judgment, ECF No. 38. In consideration of Plaintiff's response to the order to show cause, the Court declines to dismiss the action and considers Plaintiff's second motion for default judgment.

## BACKGROUND

Plaintiff is a debt buyer and Defendant Cred X Debt Recovery, LLC is a debt collector. ECF No. 37-1 at 3. Defendants James Sauer, Jeffrey Shultz, and Richard Shultz are principals of Cred X. ECF No. 1 at ¶¶ 8, 12, 16. Plaintiff and Cred X entered into a Collection Service Agreement ("CSA") under which Cred X agreed to collect debts owed to Plaintiff in exchange for a commission based on a percentage of the debt it collected. *Id.* at ¶ 26. Cred X was to remit the remainder of the debt (i.e. the debt it collected less its commission) back to Plaintiff on a semi-monthly basis. *Id.*

In June 2014, about two years after executing the CSA, Cred X began remitting less money to Plaintiff than was due. *Id.* at ¶ 27. In May 2015, Cred X stopped making remittances altogether. *Id.* at 33-35. Plaintiff commenced this action in September 2015. As noted above, Defendants never appeared to defend the action. Plaintiff accordingly seeks a default judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs motions for default judgments and provides a two-step process. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First,

the plaintiff must obtain the entry of a clerk's default. Fed. R. Civ. P. 55(a). Then, the plaintiff may apply for the entry of a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to enter a default judgment, a district court accepts the well-pleaded factual allegations of the complaint relating to liability as true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 155-58 (2d Cir. 1992). However, the court will not enter a default judgment in favor of a plaintiff just because the defendant is in default. *Press Clean Sales, LLC v. Maxum Trans Inc.*, 233 F. Supp. 3d 360, 363-64 (E.D.N.Y. 2017). Rather, the court must determine whether the plaintiff's well-pleaded allegations establish the defendant's liability as a matter of law. *Id.* (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

If liability is established, the court then assesses whether the plaintiff has established its damages to a reasonable certainty. *Credit Lyonnais Sec., Inc. v. Alcanture*, 183 F.3d 151, 155 (2d Cir. 1999). Unlike allegations related to liability, allegations related to damages are not accepted as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Thus, a plaintiff must submit evidence to prove the amount of damages. *Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 345 (S.D.N.Y. 2014). "If a plaintiff fails to demonstrate its damages to a reasonable certainty, then the court should decline to award any damages, even where liability has been established through default." *Id.*

## DISCUSSION

### I. Liability

Plaintiff asserts four claims: (1) breach of contract against Defendants Cred X and James Sauer, (2) misappropriation and unjust enrichment against all Defendants, (3) breach of fiduciary duty against all Defendants, and (4) conversion of property against all Defendants. ECF No. 1. For the reasons discussed below, Plaintiff's second motion for default judgment is GRANTED as

to Plaintiff's first claim, but the Court awards no damages. The motion is DENIED as to Plaintiff's remaining claims.

**A. Plaintiff is entitled to a judgment of liability against Defendants Cred X and James Sauer on its first claim for breach of contract.**

As an initial matter, although Plaintiff does not raise the issue, the Court must determine which law governs Plaintiff's breach of contract claim because the CSA contains a Kansas choice of law provision. ECF No. 37-2 at 20.

"A federal court sitting in diversity applies the choice-of-law rules of the forum state. New York courts generally honor choice-of-law provisions within agreements that underlie contract disputes if the contractual choice-of-law provision possesses some relationship to the parties or to the agreement itself." *Eichenblatt v. Kugel*, No. 17 CV 559 (DLI)(LB), 2018 WL 3202079, at *4 (E.D.N.Y. May 15, 2018).

Here, Plaintiff is a Kansas company with its principal place of business in Kansas, and the CSA states that "all performances and guarantees due," "transactions undertaken," and "the entry into and performance of" the CSA will be deemed to have occurred in Kansas. ECF No. 37-2 at 20. The Court thus finds that Kansas law governs Plaintiff's breach of contract claim. *See Eichenblatt*, 2018 WL 3202079, at *4.[2]

To establish a breach of contract claim under Kansas law, a plaintiff must prove: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the

---

[2] The same paragraph of the CSA that contains the Kansas choice of law provision also provides for jurisdiction and venue in Kansas. However, a forum selection clause is not jurisdictional and the right to attack the forum is personal and waivable. *See Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 356-57 (S.D.N.Y. 2004); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966). Defendants did not appear and challenge venue here and in any case, Defendants are all based in New York. It is Plaintiff who is based in Kansas.

defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Navair, Inc. v. IFR Ams., Inc.*, 519 F.3d 1131, 1137 (10th Cir. 2008).

Here, Plaintiff's allegations are sufficient to state a breach of contract claim. First, Plaintiff alleges the existence of the CSA between the parties and attaches a copy to its second motion for default. ECF No. 1 at ¶ 26. Second, Plaintiff alleges consideration in that Cred X agreed to collect the debt in exchange for a commission on the amounts collected. ECF Nos. 1 at ¶ 26, 37-2 at 14. Third, although Plaintiff does not explicitly allege that it performed under the contract, "there is a reasonable inference" that Plaintiff performed its end of the contract because the CSA permitted Cred X to take its commissions from the amounts it collected. *Chi. Tribune Co. v. Masterpiece Mktg. Grp., LLC*, No. 13-2157-CM, 2013 WL 6047571, at *2 (D. Kan. Nov. 15, 2013); ECF No. 1 at ¶ 26. Fourth, Plaintiff alleges that Cred X breached the contract by remitting less collections to Plaintiff than was due, and fifth, that Cred X's breach caused Plaintiff monetary damages totaling over $800,000.00. *Id.* at ¶¶ 27, 28, 33-35, 43-44, 49, 50, 58.

Additionally, Plaintiff's breach of contract claim alleges that Defendant James Sauer guaranteed the CSA and is thus jointly and severally liable with Cred X. *Id.* at 46. The guaranty is also attached to the second motion for default judgment. ECF No. 37-2 at 21.

Accepting these allegations as true, Plaintiff has shown that it is entitled to a default judgment of liability against Defendants Cred X and James Sauer on its breach of contract claim.

**B. Plaintiff is not entitled to a judgment on its second, third, or fourth claims.**

  **1. The second, third, and fourth claims are duplicative as to Defendants Cred X and James Sauer.**

Plaintiff's unjust enrichment, breach of fiduciary duty, and conversion claims are all based on the same set of facts as its breach of contract claim, and Plaintiff seeks the same relief—compensatory damages of $800,987.10 in unpaid remittances and $40,049.36 in late fees—in all

four claims.[3] As the Court has already found in favor of Plaintiff on its first claim against Cred X and Sauer, Plaintiff's second, third, and fourth claims are duplicative as to Cred X and Sauer.

"Under New York law, tort 'causes of action . . . based on the same facts as the cause of action to recover damages for breach of contract' should be dismissed as duplicative of the contract claim." *MacGregor v. Milost Glob., Inc*., No. 17-CV-6691-LTS-KHP, 2018 WL 4007642, at *5 (S.D.N.Y. Aug. 22, 2018) (quoting *Edem v. Grandbelle Int'l, Inc.,* 118 A.D.3d 848, 849 (N.Y. App. Div. 2d Dep't 2014)); *see also Singer v. Xipto Inc*., 852 F. Supp. 2d 416, 426 (S.D.N.Y. 2012) (explaining that, while a plaintiff may plead breach of contract and unjust enrichment claims in the alternative, he generally may not simultaneously recover upon such claims arising from the same facts); *Telesco v. Neuman*, No. 14 CV 3480 VB, 2015 WL 2330166, at *6 (S.D.N.Y. Mar. 11, 2015) (dismissing conversion claim where, if plaintiff were to recover on that claim and his breach of contract claim, "he would in effect be paid twice"); *E-Global Alls., LLC v. Anderson*, No. 10 Civ. 2844, 2011 WL 8879268, at *9 (S.D.N.Y. May 11, 2011) (dismissing breach of fiduciary duty claim where it was nearly identical to the breach of contract claim and sought the same damages for the same conduct).

The same is true under Kansas law. *See SCM Grp., Inc. v. McKinsey & Co*., No. 10 CIV. 2414 PGG, 2011 WL 1197523, at *8 (S.D.N.Y. Mar. 28, 2011) ("It is well-settled in New York[ and] Kansas . . . that where there is a valid and enforceable written contract governing a particular subject matter, recovery in quasi-contract for acts relating to the same subject matter is precluded."); *Ice Corp. v. Hamilton Sundstrand Inc*., 444 F. Supp. 2d 1165, 1171 (D. Kan. 2006) (holding that quasi-contractual remedies such as unjust enrichment are not available when a valid

---

[3] Plaintiff's complaint requested various other forms of relief including punitive damages, consequential damages, attorneys' fees and costs, injunctive relief, an accounting, and access to Cred X's computers to perform an audit. ECF No. 1 at 13-14. However, Plaintiff abandoned those requests in its second motion for default and asked only for the unpaid remittances, late fees, and attorneys' fees and costs. ECF No. 37 at 2, 37-1 at 6.

written contract governs the dispute, and that, while a plaintiff may plead tort claims in the alternative to contract claims, he may not make a double recovery); *Foodbrands Supply Chain Servs. v. Terracon Inc.*, No. CIV.A. 02-2504-CM, 2003 WL 23484633, at *6 (D. Kan. Dec. 8, 2003) ("Kansas courts and the Tenth Circuit have consistently refused to allow tort claims to co-exist with breach of contract claims when the two are grounded in the same facts. Doing so would permit plaintiffs to proceed on claims in tort and contract, thereby allowing the potential for double recovery.").

Accordingly, Defendants Cred X and James Sauer are entitled to judgment in their favor and against Plaintiff on Plaintiff's second, third, and fourth claims.

### 2. Plaintiff demonstrates no basis for holding Defendants James Sauer,[4] Jeffrey Shultz, and Richard Shultz liable for Cred X's breach of contract.

Plaintiff is not entitled to a judgment on its second, third, and fourth claims against Defendants James Sauer Jeffrey Shultz, and Richard Shultz—Cred X's principals—because those claims, while styled in quasi-contract and tort, are all based on Cred X's breach of the CSA and there is no basis for holding the principals liable for Cred X's breach.

Plaintiff alleges that "upon information and belief, the individual Defendants use Cred X as a personal revenue source," ECF No. 1 at ¶ 21, and that "[t]he corporate body of the corporate defendant is a sham and the alter ego of the principals and as such, all Defendants should be held jointly and severally [liable] for all violations." ECF No. 1 at ¶ 22. These conclusory allegations cannot be accepted as true on default. *See Prescription Containers, Inc. v. Cabiles*, No. 12 CIV. 4805 CBA VMS, 2014 WL 1236919, at *8 (E.D.N.Y. Feb. 14, 2014) ("[T]he bare allegation that [the individual defendant] is [the corporate defendant's] 'alter-ego' is a legal conclusion, and legal

---

[4] Although the second, third, and fourth claims have already been disposed of as to James Sauer in section B. 1. above, the analysis below applies to James Sauer as well.

7

conclusions are not accepted as true on default."), *report and recommendation adopted*, No. 12-CV-04805 CBA VMS, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

Accordingly, Defendants James Sauer, Jeffrey Shultz, and Richard Shultz are entitled to judgment in their favor and against Plaintiff on Plaintiff's second, third, and fourth claims.

**C. The Court awards no damages on Plaintiff's breach of contract claim.**

As noted above, allegations related to damages are not accepted as true on default and a plaintiff must prove its damages to a reasonable certainty. *Belizaire*, 61 F. Supp. 3d at 345. Here, Plaintiff has not met that burden.

Under the CSA, Cred X was to collect the debts owed to Plaintiff for a commission, but neither the total amount of money Cred X collected nor the percentage of Cred X's commission are in evidence.[5] Thus, the Court has no way of determining the amount of money Cred X was entitled to keep, and accordingly cannot determine whether Cred X kept more than it was entitled to.

Plaintiff attempts to circumvent this evidentiary gap by submitting a spreadsheet purportedly showing the remittances that were due to Plaintiff versus the amounts Cred X actually did remit to Plaintiff.[6] ECF No. 37-3 at 4-8. The difference between the remittances due and the amounts actually remitted equals Plaintiff's claimed damages of $800,987.10 (not including late fees). *Id.*

---

[5] Paragraph 7 of the CSA, entitled "Collection Rate," indicates that Cred X's commission was "to be determined on a per portfolio basis," which would be stated on an "Acknowledgment of Receipt of Accounts" document provided with each portfolio placement. ECF No. 37-2 at 15. A sample Acknowledgment document was attached to the CSA as Exhibit C, but it was left blank. ECF No. 37-2 at 32. Plaintiff did not submit any Acknowledgment documents proving what portfolios Plaintiff assigned to Cred X or the amount of commission Cred X was to receive per portfolio. Nor did Plaintiff provide any evidence of the total amount of money Cred X collected.

[6] Accepting that the spreadsheet accurately reflects the remittances owed to Plaintiff would eliminate the need for Plaintiff to prove the underlying amounts of debt Cred X collected and the percentage of commissions Cred X was entitled to on each debt portfolio.

However, "[p]roof of damages must be based upon admissible, authenticated evidence." *Plus Enters. LLC v. Sun Trading Int'l, LLC*, No. 16 Civ. 8987 (VB) (FED), 2017 WL 6492117, at *2 (S.D.N.Y. Nov. 29, 2017), *report and recommendation adopted*, No. 16 CV 8987 (VB), 2017 WL 6496541 (S.D.N.Y. Dec. 15, 2017) (citing *House v. Kent Worldwide Machine Works, Inc.*, 359 F. App'x. 206, 207-08 (2d Cir. 2010) (summary order)). Here, Plaintiff's Controller, Terri Proffitt, attests that the spreadsheet is "a true and accurate copy of a record made in the ordinary course of business," ECF No. 37-3 at 1-3 (Declaration of Terri Proffitt), but this is insufficient to establish the spreadsheet's admissibility under Federal Rule of Evidence 803(6). *See Sanderson v. Horse Cave Theatre 76*, 881 F. Supp. 2d 493, 499 (S.D.N.Y. 2012) (affidavit stating that documents were "true and accurate copies of documents retained and kept in the ordinary course of business" was insufficient because the witness must "show not only that the record(s) is 'kept in the course of a regularly conducted activity of a business,' but also that: '(i) the record was made at or near the time [of an act, event, condition, opinion, or diagnosis] by—or from information transmitted by—someone with knowledge,' and (ii) 'making the record was a regular practice of that activity.' Fed. R. Evid. 803(6).").

Accordingly, the Court cannot rely on Plaintiff's spreadsheet to determine damages to a reasonable certainty and therefore awards no damages.[7] *See NTT Am. Inc. v. Tennessee Data Sys., LLC*, No. 17-CV-08274 (AT)(SN), 2018 WL 5493088, at *3 (S.D.N.Y. Oct. 11, 2018) ("A court has the discretion to decline to award any damages where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, even though liability has been established

---

[7] Plaintiff indicates that the spreadsheet was "based upon reports provided to Plaintiff by Defendants, and are thus fairly relied upon in the absence of an audit or accounting." ECF No. 37-1 at 3. But Plaintiff did not submit these underlying reports to the Court.

through default."), *report and recommendation adopted*, No. 17 CIV. 8274 (AT), 2018 WL 5447340 (S.D.N.Y. Oct. 29, 2018).

**D. The Court denies Plaintiff's request for attorneys' fees and costs.**

Plaintiff seeks an award of attorneys' fees and costs in its complaint and its second motion for default. "In federal practice the general rule—known as the 'American Rule'—is that each party bears its own attorneys' fees." *Price v. Cushman & Wakefield, Inc*., No. 08 CIV. 8900 (SC), 2012 WL 13070114, at *1 (S.D.N.Y. Jan. 4, 2012) (quoting *McGuire v. Russell Miller, Inc*., 1 F.3d 1306, 1312 (2d Cir. 1993)). However, "a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *Id.*

Here, the CSA is governed by Kansas law and contains a provision entitling the prevailing party to attorneys' fees. ECF No. 37-2 at 20. "Kansas . . . recognize[s] and enforce[s] contractual agreements allowing a party to recover attorney fees." *Enter. Bank & Tr. v. Barney Ashner Homes, Inc*., 300 P.3d 115 (Kan. Ct. App. 2013). "The assessment of costs and attorney fees lies within the sound discretion of the district court . . . ." *Patrick v. BOKF, N.A*., 413 P.3d 807 (table), 2018 WL 1353286, at *5 (Kan. Ct. App. 2018).

The Court exercises its discretion to deny Plaintiff's request for attorneys' fees and costs. After more than three years, three orders to show cause, and three attempts to obtain a default judgment, Plaintiff still failed to prove its damages to a reasonable certainty, resulting in an award of zero damages. It is not even clear that Plaintiff is considered a prevailing party under these circumstances. *See Alliance Platforms, Inc. v. Behrens*, 49 Kan. App. 2d 53, 60 (2013) ("In the present case, Alliance failed to prove the damages element. . . . Thus, it is questionable whether Alliance prevailed on any of its claims."); *see also Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77 (App. Div. 1st Dep't 2007) (under New York law, holding that, "[t]o be

10

considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof.").

## CONCLUSION

For the reasons stated, Plaintiff's second motion for default, ECF No. 37, is GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to the entry of a judgment in its favor and against Defendants Cred X and James Sauer on Plaintiff's first claim, but the Court awards no damages. All Defendants are entitled to the entry of a judgment in their favor and against Plaintiff on Plaintiff's second, third, and fourth claims. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: March 6, 2019
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court